UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAMELA STARK,

                Plaintiff,

v.

XEROX CORPORATION,

                Defendant.

**COMPLAINT**
Civ. No.:

---

**JURY TRIAL DEMANDED**

Plaintiff demands a jury to try all claims triable by a jury.

**PRELIMINARY INTRODUCTION**

1.      This is an action brought by the Plaintiff PAMELA STARK ("Plaintiff") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.§§ 2000 *et seq.*, as amended, and the New York State Human Rights Law, Executive Law § 290 et seq., alleging that Plaintiff was intentionally, unlawfully and/or willfully discriminated against because of her gender, for a continuing hostile environment based on sex, and for retaliation for engaging in protected activity.

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1331 and 1343, 42 U.S.C. § 2000 (e), 29 U.S.C. § 1331, 29 U.S.C. §§ 206 and 216; the Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to adjudicate Plaintiff's claims under state law.

3.      Venue is proper pursuant to 28 U.S.C. §1391.

4.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Less than 90 days have elapsed since the Plaintiff's receipt of her Notice of Right to Sue and her subsequent filing of the original complaint in this matter.

5.      Plaintiff challenges all conduct that is part of the same course of discriminatory treatment within this complaint, even though some actions occurred more than 300 days before the filing of her complaint with the EEOC, based on the cumulative effect of each discriminatory act herein described. Accordingly, all the acts described below which constitute Plaintiff's hostile environment case are considered as one unlawful act.

6.      Plaintiff reserves the right to amend her complaint to add any further charges of post-termination retaliation as a result of filing this lawsuit.

**PARTIES**

7.      Plaintiff is an individual woman who was at all times relevant herein a long term employee of the Defendant Xerox, ("defendant") and a resident of the County of Monroe, State of New York.

8.  Defendant is a domestic corporation organized under the laws of the State of New York.

## FACTS

9.  Plaintiff was a long term employee of the defendant, having been employed by the defendant since 1971.

10. For all relevant times herein, Plaintiff maintained a stellar work record as a "Training Coordinator" since 1998 to the current date.

11. In or about January of 2006, Plaintiff's department was assigned a new male supervisor.

12. Plaintiff returned to work full time from a disability leave (and working from home) in or about May of 2006.

13. Ever since Plaintiff returned to work in May of 2006, she was subject to a hostile environment based on sex by this new supervisor.

14. As background, in or about October of 2006, Plaintiff asked her supervisor for help in managing her workload; she was told that he "didn't need to understand what [Plaintiff] did, and [he] didn't need

to know what she did ," he then aggressively pushed documents that she had prepared for his review off of Plaintiff's desk.

15. In or about April of 2007, Plaintiff complained to the Vice President of Human Resources that her supervisor was harassing her and treating her in a disparate fashion, and that he was overtly aggressive and hostile in his dealings with Plaintiff, and Plaintiff only.

16. No remedial action was taken on Plaintiff's behalf.

17. Plaintiff's supervisor then increased her workload and made it virtually impossible for her to complete her goals.

18. In or about October of 2007, Plaintiff complained again to the Vice President of Human Resources that her supervisor was harassing her and treating her in a disparate fashion, and that he was overtly aggressive and hostile in his dealings with Plaintiff only.

19. No remedial action was taken with regard to Plaintiff's complaints.

20. In fact, Plaintiff was told by the Vice President that he would "get [Plaintiff] re-assigned" bu that did not occur.

21. In or about November of 2007, Plaintiff attended a seminar on "Harassment in the Workplace" sponsored by defendant.

22. After the seminar, Plaintiff went to a Human Resource representative to complain that after she attended the seminar, she felt in good faith that her supervisor was harassing her on the basis of sex, again, no remedial action was taken.

23. Again, Plaintiff's supervisor began to overtly criticize Plaintiff's work, and called a special meeting on February 26th, 2008 to discuss *when and why* Plaintiff came to work every morning.

24. Present at that meeting was an HR representative who witnessed first hand Plaintiff's supervisor's hostility.

25. At that meeting, Plaintiff informed HR again that she felt her supervisor was harassing her.

26. No remedial action was taken until *after* the meeting when HR called Plaintiff and asked *why* she felt she was being harassed.

27. Plaintiff met with HR to discuss what had occurred since she returned to work full time in May of 2006, yet no remedial action was taken on Plaintiff's behalf, and Plaintiff's supervisor persisted in engaging in the very same conduct aforementioned.

28. Due to the aforementioned unremedied harassment, Plaintiff was taken out of work by her medical doctors.

29. Upon her return to work, in or about January of 2009, Plaintiff's supervisor was terminated, as was the VP of Human Resources.

**FIRST CAUSE OF ACTION**
**DISCRIMINATION IN EMPLOYMENT UNDER TITLE VII**

30. Plaintiff incorporates by reference each and every allegation contained in the above stated paragraphs and incorporates the same as though fully set forth herein.

31. Defendant, through its agent(s), engaged in a continuing pattern of unremedied sex discrimination by subjecting Plaintiff to unwelcome sexual harassment through the creation of a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended.

32. Defendant at all times relevant herein had actual and constructive knowledge of the conduct described herein.

33. The above described unwelcome sexual harassment by defendant's agent(s) created an intimidating, oppressive work environment which interfered with the Plaintiff's well being.

34. As a result of the hostile and offensive work environment, perpetrated and maintained by defendants, and each of them, and their failure to protect the Plaintiff from further harassment, the Plaintiff suffers from severe emotional distress.

35. Defendants violated Title VII of the Civil Rights Act of 1964, as amended, by failing to adequately supervise, control, discipline, and/.or otherwise penalize the conduct, acts and failures to act of the defendants as described above.

36. Defendant failed to comply with its duty to take all reasonable and necessary steps to eliminate sexual harassment from the workplace and to prevent it from occurring in the future.

37. As a direct and proximate result of the defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering and extreme and severe mental anguish and emotional anguish and emotional distress; she

has incurred and will continue to incur medical expenses for treatment by health care professionals, and for other incidental expenses, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

38. As a further and proximate result of defendant's violations of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with defendant, and has thereby incurred and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to the Plaintiff. Plaintiff further requests that attorney fees be awarded.

39. Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of defendant described above was done with fraud, oppression and malice, with a conscious disregard for her rights, and with the intent, design, and purpose of injuring her. Plaintiff is further informed and believes that defendant authorized, condoned and/or ratified the unlawful conduct alleged herein, specifically. By reason thereof, Plaintiff is entitled to exemplary damages from all defendants in a sum to be adduced at trial.

## SECOND CAUSE OF ACTION

### SEXUAL HARASSMENT UNDER NEW YORK STATE HUMAN RIGHTS LAW, EXECUTIVE LAW § 290 et seq

40. Plaintiff incorporates by reference each and every allegation contained in the above stated paragraphs and incorporates the same as though fully set forth herein.

41. Defendant, through its agent, engaged in a continuing pattern of unremedied sex discrimination by subjecting Plaintiff to unwelcome sexual harassment through the creation of a hostile work environment in violation of The New York State Human Rights Law, ("NYSHRL") Executive § 290, et seq. This claim does not raise a novel or complex issue of law.

42. Defendant at all times relevant herein had actual and constructive knowledge of the conduct described herein.

43. The above described unwelcome sexual harassment by defendant's agent created an intimidating, oppressive work environment which interfered with the Plaintiff's well being.

44. As a result of the hostile and offensive work environment, perpetrated and maintained by defendant, and its failure to protect the Plaintiff from further harassment, the Plaintiff suffers from severe emotional distress.

45.   Defendants violated the NYSHRL as amended, by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of the defendant as described above.

45.   Defendant failed to comply with their duty to take all reasonable and necessary steps to eliminate sexual harassment from the workplace and to prevent it from occurring in the future.

46.   As a direct and proximate result of the defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering and extreme and severe mental anguish and emotional anguish and emotional distress; she has incurred and will continue to incur medical expenses for treatment by health care professionals, and for other incidental expenses, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

### THIRD CAUSE OF ACTION
### RETALIATION UNDER TITLE VII

47.   Plaintiff incorporate by reference each and every allegation contained in the above stated paragraphs, and incorporates the same as though fully set forth herein.

48. Defendant engaged in a pattern of illegal retaliation in violation of Title VII of the Civil Rights Act of 1964 that had the effect of dissuading Plaintiff from engaging in further protected activity through defendant's failure to take remedial action with regard to the myriad of good faith complaints made by the Plaintiff as set forth above in detail.

49. As a direct and proximate result of defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer severe mental and emotional anguish, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at the time of trial.

50. As a further and proximate result fo the defendant's violations of Title VII, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with defendants and each of them, and has thereby incurred and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to the Plaintiff. Accordingly, Plaintiff requests that attorney fees be awarded.

51. Defendant's conduct as described herein was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights. The acts were performed with the knowledge of an employers' economic power over its employees. Defendant ratified the unlawful conduct of its employees in this action. Consequently, Plaintiff is entitled to exemplary damages from all defendants.

**FOURTH CAUSE OF ACTION**
**RETALIATION UNDER NEW YORK STATE HUMAN RIGHTS LAW, EXECUTIVE LAW SECTION 290**
*et seq.*

52. Plaintiff incorporate by reference each and every allegation contained in the above stated paragraphs and incorporates the same as though fully set forth herein.

53. Defendant engaged in a pattern of illegal retaliation in violation of New York State Human Rights Law, Executive Law Section 290 et seq. Defendant engaged in a pattern of illegal retaliation in violation of Title VII of the Civil Rights Act of 1964 that had the effect of dissuading Plaintiff from engaging in further protected activity through defendant's failure to take remedial action with regard to the myriad of good faith complaints made by the Plaintiff as set forth above in detail.

54. As a direct and proximate result of defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer severe mental and emotional anguish, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at the time of trial.

**WHEREFORE**, Plaintiff prays that judgement be entered in her favor in accord with the above captioned causes of action.

Dated: November 10, 2009
Rochester, New York

*CHRISTINA A. AGOLA, PLLC*

/S/ Christina A. Agola, Esq.
_____
Christina A. Agola, Esq.

Attorneys for Plaintiff
PAMELA STARK
2100 First Federal Plaza
28 East Main Street
Rochester, New York 14614
585.262.3320
caagola@agolalaw.com